UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| GARY E. KIRBY, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 3:13-cv-373 |
| v. | ) | |
| | ) | Judge Mattice |
| COMMISSIONER OF SOCIAL SECURITY, | ) | Magistrate Judge Shirley |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

# **ORDER**

On June 5, 2014, United States Magistrate Judge C. Clifford Shirley, Jr. filed a Report and Recommendation (Doc. 16) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Shirley recommended that (1) Plaintiff's Motion for Judgment on the Pleadings be granted; (2) the Commissioner's Motion for Summary Judgment be denied; and (3) this action be remanded to determine the frequency and duration of Plaintiff's oxygen use and whether this affects Plaintiff's ability to engage in gainful employment.

Neither party has filed objections to the Magistrate Judge's Report and Recommendation.[1] Nevertheless, the Court has reviewed the record in this matter, and it agrees with the Magistrate Judge's well-reasoned conclusions.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Shirley's findings of fact and conclusions of law. Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) is hereby **GRANTED**; the Commissioner's Motion for Summary

---

[1] Magistrate Judge Shirley specifically advised Plaintiff that he had 14 days in which to object to the Report and Recommendation and that failure to do so would waive his right to appeal. (Doc. 16 at 13); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Judgment (Doc. 13) is hereby **DENIED**; and this action is **REMANDED** to the Administrative Law Judge to determine: (1) the necessity and frequency the Plaintiff used supplemental oxygen by obtaining an updated medical exam and report which describes the frequency and duration of oxygen use; (2) whether the usage meets the regulation's duration requirement; and (3) what affect, if any, the usage has on the Plaintiff's ability to engage in gainful employment.

**SO ORDERED** this 2nd day of July, 2014.

                                                */s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE